Filed 7/23/24  P. v. Peralez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083097 |
| v. | (Super.Ct.No. RIF147366) |
| ROBERT PERALEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Robert Peralez, in pro. per.; and William J. Capriola, under appointment by the

Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Robert Peralez appeals the order of the Riverside County Superior Court denying his Penal Code section 1172.6 petition for resentencing.[1] We will affirm.

**BACKGROUND**

A jury found defendant guilty of a number of offenses, including attempted premediated murder. (§§ 187, subd. (a), 664.) It also found true that, in the commission of the attempted murder, he personally and intentionally discharged a firearm proximately causing great bodily injury. (§§ 12022.53, subd. (d), 1192.7, subd. (c)(8).) In April 2011, the trial court sentenced him to a prison term of 67 years to life. Defendant appealed and we affirmed the judgment. (*People v. Peralez* (Feb. 16, 2012, E053297) [nonpub. opn.] (*Peralez I.*).)

In October 2022, defendant filed a petition for resentencing in which he averred he was charged in a manner that allowed him to be prosecuted on a theory of imputed malice or under the natural and probable consequences doctrine. The court set a status conference and appointed counsel for defendant. Defendant submitted written arguments asserting his petition was facially sufficient and, therefore, the court should issue an order to show cause and set an evidentiary hearing. The court granted the People's request for judicial notice of the jury instructions.

---

[1]     Defendant's petition was filed on a section 1172.7 petition for resentencing form, which the court deemed a section 1170.95 petition. Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022, (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

At the prima facie hearing, the trial court stated it had read and considered defendant's brief and the jury instructions given in the case. It noted "no imputed malice theories whatsoever … were presented to [defendant's] jury," and found defendant ineligible for relief as a matter of law.

Defendant timely filed notice of this appeal and we appointed appellate counsel to represent him.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 to conduct an independent review of the record in appeals from denials of section 1172.6 petitions and lists the following issues considered by counsel: whether defendant was eligible for relief under section 1172.6, and whether the trial court erred when it denied defendant's petition without issuing an order to show cause.

Upon receipt of the opening brief, we notified defendant that (i) his counsel had filed a brief stating no arguable issues could be found, and (ii) this court is not required to conduct an independent review of the record but may do so in its discretion. We also invited defendant to file any supplemental brief deemed necessary.

In response to our invitation, defendant filed a supplemental brief.[2] He argues he is entitled to relief because (i) his petition was properly completed and contained the

[2]    Defendant's supplemental brief sometimes erroneously describes his conviction as one for murder. That mischaracterization does not affect our analysis of his arguments.

averments required by section 1172.6; (ii) he did not act with intent to kill because he was intoxicated at the time of his crime and actually, but unreasonably, believed he was in imminent danger of death or great bodily injury; (iii) the trial court improperly relied on the probation officer's report as "the sole basis for any factual determination for the denial of relief … "; and, (iv) it was improper to dismiss his petition based upon the jury instructions, described by defendant as "ambiguous," without consideration of the People's closing arguments that he posits "could contain quotes from the natural and probable consequences doctrine pertaining to felony murder." We are not persuaded.

Defendant was not entitled to relief simply because his petition was properly completed. A petition that sets forth all the elements for resentencing relief pursuant to section 1172.6 can, and should, be denied if the record of conviction demonstrates the defendant is ineligible for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 970, 972; *People v. Mares* (2024) 99 Cal.App.5th 1158, 1168.) Here, the charging documents, the jury instructions, and the verdicts establish defendant was convicted as the actual perpetrator of the attempted murder. As such, he is not entitled to section 1172.6 resentencing relief as a matter of law.

Contrary to defendant's claim, the trial court did not mention the probation officer's report. Rather, the trial court found the jury was not instructed on natural and probable consequences or any theory upon which malice could be imputed but was instead instructed on single-participant attempted murder and, on defendant's behalf, on self-defense.

4

Nor was it improper for the court to dismiss defendant's petition without reviewing the People's closing argument, which defendant posits "could contain quotes from the natural and probable consequences doctrine pertaining to felony murder." There is nothing in the record to suggest the People argued any theory other than what was presented in the charging documents and jury instructions, which did not include any language suggesting a theory of natural and probable consequences.

Defendant's claim that he could not have formed an intent to kill because he was intoxicated is not properly before us. Defendant had the opportunity to make that argument in his appeal from the judgment in *Peralez I.*, *supra*, E053297, and the time to make any additional challenge of the judgment in an appeal has long since expired. (Cal. Rules of Court, rule 8.308(a) [notice of appeal in a criminal matter must be filed within 60 days after rendition of the judgment or the making of the order being appealed].)

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

MILLER
J.
CODRINGTON
J.

5